## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

HATTIE WILLIAMS,                    )
                                   )     **CIVIL ACTION**
    Plaintiff,              )     **FILE NO. _____**
                                   )
vs.                                )
                                   )
WAL-MART STORES EAST, L.P.,         )
NOLAN BOOKER and                   )
JOHN DOES 1-4,                     )
                                   )
    Defendants.             )

STATE COURT OF
DEKALB COUNTY, GA
2009 JUN -1  AM II: 43
FILED

### COMPLAINT

COMES NOW Plaintiff Hattie Williams and files her Complaint for damages against

Defendants Wal-Mart Stores East, L.P., Nolan Booker and John Does 1-4, showing as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Hattie Williams is currently a resident of DeKalb County, Georgia and, at the

time the incident described herein occurred, she resided at 248 Eleanor Street, S.E., Atlanta,

Georgia 30317.

2.

Defendant, Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart") is now, and at all times

relevant to her Complaint, a corporation organized and existing in the State of Delaware. It is

registered to do business within the State of Georgia and it owns and operates a store located at

2427 Gresham Road SE, Atlanta, DeKalb County, Georgia 30316. It may be served with a copy

of the Summons and Complaint by serving its registered agent, Corporation Process Company,

located at 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia, 30060. When its

registered agent is served, Wal-Mart will be subject to the jurisdiction and venue of this



**EXHIBIT**

"C"

Honorable Court.

### 3.

Defendant Nolan Booker is a resident of Rockdale County, Georgia and may be served at his residence at 1384 Travers Creek Trail, Conyers, Georgia 30012-3585. When served, Nolan Booker will be subject to the jurisdiction and venue of this Honorable Court.

### 4.

John Does 1-4 are as yet unidentified managers, assistant managers, and other employees of Wal-Mart, who will be served according to Georgia law upon their proper identification and location.

## **FACTS**

### 5.

Plaintiff incorporates by reference paragraphs 1 through 4 of her Complaint as if fully set forth herein.

### 6.

On or about November 9, 2007, Plaintiff Hattie Williams was a patron in the Wal-Mart store located at 2427 Gresham Road SE, Atlanta, DeKalb County, Georgia 30316. Plaintiff Hattie Williams was in the store to purchase some items.

### 7.

At the time of the incident, Nolan Booker was the manager of the Wal-Mart Store and was responsible for maintaining the premises in a safe condition.

### 8.

At the time of the incident described herein, Plaintiff Hattie Williams was an invitee on Wal-Mart's premises.

9.

While Plaintiff Hattie Williams was shopping in Wal-Mart's store, she stepped on a slippery substance present on the floor and fell.

10.

The slippery substance which was on the floor was later determined to be grapes.

11.

Plaintiff Hattie Williams stepped on the grapes and slipped, causing her to fall to the floor and sustain multiple injuries.

## COUNT I

12.

Plaintiff incorporates by reference paragraphs 1 through 11 of her Complaint as if fully set forth herein.

13.

Defendants were negligent, *inter alia* in failing to keep the premises safe for invitees, such as Plaintiff Hattie Williams, and by not removing a hazardous substance from the floor of which Defendants had superior knowledge.

14.

Defendants failed to exercise ordinary care and diligence to warn invitees, such as Plaintiff Hattie Williams, of the dangerous condition on the floor after Defendants knew or should have known of its existence.

15.

Defendants failed to exercise ordinary care and diligence to implement proper procedures to warn invitees, such as Plaintiff Hattie Williams, of the existence of hazards on the floor of

which Defendants had superior knowledge.

16.

Defendants' negligence, jointly and severally, proximately caused serious personal injuries to Plaintiff Hattie Williams and her injuries have debilitated her since the date of the incident.

## COUNT II

17.

Plaintiff incorporates by reference paragraphs 1 through 16 of her Complaint as if fully set forth herein.

18.

Defendants failed to adequately train Wal-Mart employees with respect to proper inspection and maintenance procedures.

19.

Defendants' failure to adequately train Wal-Mart employees resulted in the failure to properly inspect and maintain the Wal-Mart premises.

20.

Defendants' negligent training and/or failure to train caused Plaintiff's accident and resulted in injuries.

21.

Defendant are liable to Plaintiff for her injuries and damages caused by this negligence.

## COUNT III

22.

Plaintiff incorporates by reference paragraphs 1 through 21 of her Complaint as if fully

set forth herein.

23.

Defendants failed to adequately supervise Wal-Mart employees on the date of Plaintiff's accident.

24.

Defendants' failure to properly supervise Wal-Mart employees resulted in the failure to properly inspect and maintain the Wal-Mart premises.

25.

Defendants' negligent supervision and/or failure to supervise caused Plaintiff's accident and resulted in her injuries.

26.

Defendants are liable to Plaintiff for her injuries and damages caused by this negligence.

**WHEREFORE,** Plaintiff respectfully prays as follows:

(a)     That summons and process be issued and that Defendants be served with a copy of the Summons and Complaint;

(b)     That Plaintiff have and recover damages from Defendants in an amount sufficient to compensate her for past, present and future pain and suffering, and special damages;

(c)     That all costs of litigation be taxed against Defendants;

(d)     That the case be tried by a jury; and

(e)    For any other relief deemed just and proper by the Court.

This 29th day of May, 2009.

 

_____

Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236 30326
(404) 870-7383
(404) 870-7374

Civil Action No. *09A08102-5*
*State Court of Dekalb County*

**State Court** ☐          *CObb*

**GEORGIA,**    ~~COBB~~    **COUNTY**

SERVE

**Attorney's Address** ....................................
**Michael D. St. Amand**
**Gray, Rust, St. Amand,** ..............................
**Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326

...... *Hattie Williams* ......

...........................................................
                                    **Plaintiff**

**VS.**

*Walmart Stores East, LP*
*and Nolan Booker and*
*John Does 1-4*
                                    **Defendant**

**Name and Address of Party to be Served**

*Wal-Mart Stores East LP*
*Corporation Process Company*
*328 Alexander Street, Ste 10*
*Marietta, Gia  30060*

...........................................................
                                    **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served ........................................................................................ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐  I have this day served ........................................................................................ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of .............................................................................. described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled
at the residence of defendant.

**CORPORATION** ☐  Served ................................................................................................................ a corporation
by leaving a copy of the within action and summons with ....................................................................
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the
door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same
in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in
said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said
summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and .......................................................................................................
not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____
20 _____ at the hour and place stated in the summons.

This ........... day of ..............................., 20...........

...........................................................
                                    **DEPUTY**

...........................................................
                        ~~COBB~~ **COUNTY, GEORGIA**

WHITE: Clerk      CANARY: Plaintiff          PINK: Defendant

SERVE

No. _09A 08102-5_

Date Summons Issued and Filed
_6/1/09_

_M Roberts_
**Deputy Clerk**

Deposit Paid $ _85.50_

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

~~SECOND ORIG.~~

**SUMMONS**

**HATTIE WILLIAMS,**

JUN 4 2009

(Plaintiff's name and address)

[] ANSWER **JURY**

vs.

[] JURY

**WAL-MART STORES EAST, L.P.,**
**NOLAN BOOKER and**
**JOHN DOES 1-4,**

STATE COURT OF
DEKALB COUNTY.
2009 JUN -1  AM 11:
FILED

**PERSONAL INJURY**
SCOR- R/A (Def #1)- Cobb Co, Ga
Def #2- Rockdale Co, GA

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:** First Inter, REPD (Def #2)

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Michael D. St. Amand
Gray, Rust, St. Amand, Moffett & Brieske
950 East Paces Ferry Road
1700 Atlanta Plaza          _004180_
Atlanta, Georgia 30326      _980360_

_____ (Phone Number)          _____ (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney
_____
_____

Address
_____

Phone No.          Georgia Bar No.

Third Party Attorney
_____
_____

Address
_____

Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☐ Personal Injury
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice
☐ Trover           ☐ Product Liability
                   ☐ Other

☐ Transferred From _____

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HATTIE WILLIAMS, | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. _____** |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| NOLAN BOOKER and | ) | |
| JOHN DOES 1-4, | ) | |
| | ) | |
| **Defendants.** | ) | |

STATE COURT OF
DEKALB COUNTY, GA
2009 JUN -1 AM II: 48
FILED

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, L.P.

COMES NOW, Hattie Williams, Plaintiff in the above-styled civil action, and requires Defendant Wal-Mart Stores East, L.P. to answer under oath the following interrogatories, the answers to be served upon Plaintiff's attorneys of record, Michael D. St. Amand and Todd M. Yates, GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P., 950 East Paces Ferry Road, 1700 Atlanta Plaza, Atlanta, Georgia 30326, within the time period prescribed by O.C.G.A. ' 9-11-26, ' 9-11-33 and the local rules of the court in which this case is now pending.

1.

If you were insured under any insurance policy which could provide coverage for any of Plaintiff's claims in this action, please state the name of the insurer, the policy period, the policy number, and the limits of coverage afforded you.

2.

If you are aware of any individual having personal knowledge of the accident at issue, or the injuries and damages to Plaintiff Hattie Williams which resulted from the accident at issue, please provide the name, address and telephone number of each said individual.

3.

If you obtained any oral, recorded, or written statement from any individual concerning the accident at issue or Plaintiff's injuries and damages resulting therefrom, please provide the name, address and telephone number of each said individual giving said statement, the name, address and telephone number of the individual securing said statement, whether the statement was oral, recorded or written, and the date the statement was given.

4.

If you are aware of any photographs, diagrams, drawings, videotapes or other things that depict the accident scene, or the area involved, please identify same by describing same, and providing the name, address and telephone number of the present custodian of each said item or thing.

5.

What are the names, addresses, telephone numbers, places of employment, and job titles of each and every person who performed or assisted in any investigation on your behalf relative to this accident?

6.

Provide the names, addresses, telephone numbers, places of employment, and job titles of each and every person who was working at the Wal-Mart store in question on November 9, 2007.

7.

Please identify each person whom you expect to call as an expert witness at the trial of this case, and in connection with each such person, please state the subject matter on which such

-2-

expert is expected to testify, as well as the substance of the facts and opinions as to which each such expert is expected to testify, and a summary of the grounds for each opinion.

8.

For each person who may be used at trial to present expert opinions, please provide a complete statement of all opinions to be expressed and the basis and reasons therefore; describe fully the data or other information considered by the witness in forming the opinions; identify any exhibits to be used as a summary of or support for the opinions; state with particularity the qualifications of the witness, including providing a list of all publications authored by the witness in the preceding ten years; state the compensation to be paid for the study and testimony; and provide a listing of all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

9.

Please state each and every act or omission to act by Plaintiff Hattie Williams, if any, which you claim contributed to the occurrence described in the Complaint.

10.

Please provide the name, address and telephone number of each of manager, general manager and assistant manager of the Wal-Mart store in question on November 9, 2007.

11.

Please identify and describe the appearance of each and every person who observed or was present in the vicinity of the alleged occurrence, providing the name, address, and telephone number of each such person.

-3-

12.

For each person identified in the preceding interrogatory, please describe everything that was seen or noticed by that person with respect to the occurrence at issue.

13.

Did Wal-Mart have any knowledge of the existence of the foreign substance on the floor prior to the alleged occurrence? If so, please state the name of the employee(s) having knowledge, how the employee(s) acquired such knowledge, and how long the employee(s) knew of the presence of the alleged foreign substance prior to the occurrence.

14.

Please describe, in detail, any warnings or signals given by Wal-Mart prior to the time of the alleged occurrence.

15.

Please describe any assistance, including first aid that was provided by Wal-Mart to Plaintiff Hattie Williams after the occurrence that is the subject of this lawsuit.

16.

Please state whether any of Plaintiff Hattie Williams' medical bills incurred after the occurrence were paid by or on behalf of Wal-Mart and, if so, please itemize all such expenses which were paid by Wal-Mart.

17.

Please describe what investigation, if any, was conducted by or on behalf of Wal-Mart on the date of the occurrence, providing the name of the person(s) conducting any such

investigation, what they did, who they talked to and what documents, if any, were created during the course of the investigation.

This 29th day of May, 2009.

_____

Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236 30326
(404) 870-7383
(404) 870-7374

I:\507\71 Williams\Rogs To Wal-Mart.doc

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| HATTIE WILLIAMS, | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO. _____** |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| NOLAN BOOKER and | ) | |
| JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, L.P.

COMES NOW, Hattie Williams, Plaintiff in the above-styled action, and requires Defendant Wal-Mart Stores East, L.P. to respond separately, in writing and under oath to the following request for production of documents within thirty (30) days from the date of service as provided by law, with a copy of the documents being produced served upon the undersigned counsel of record, Michael D. St. Amand and Todd M. Yates, **Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.,** 950 East Paces Ferry Road, 1700 Atlanta Plaza, Atlanta, Georgia 30326.

1.

Copies of all policies of insurance in effect at the time of the incident in this case, which may provide liability or medical payments coverage in this suit.

2.

Copies of any and all statements pertaining to the accident which is the subject of this lawsuit. If you object to or refuse to produce any of these statements, identify each statement objected to by referencing the person from whom the statement was taken, the person who took said statement, whether said statement has been transcribed, whether said statement is reported, the date said statement was made, and the person or entity who possesses said statement.

Furthermore, if any statement if objected to, state whether said statement was orally given to you or your representative or whether the statement was prepared by the witness or party.

### 3.

Copies of any and all videotapes, photographs, drawings, sketches or diagrams of the scene wherein this incident occurred. For videotapes, provide copies of all video taken of the area in question, including adjacent video taken from cameras on each side of the area of the incident for the time period 24 hours before the accident to 24 hours after the accident.

### 4.

Copies of any and all reports from any expert witnesses with whom you have consulted pertaining to the incident in this case or with whom you expect to retain as expert witnesses for the purpose of testifying at the trial of this case.

### 5.

For each person who may be used at trial to present expert opinions, please provide: (a) a complete statement of all opinions to be expressed and the basis and reasons therefore; (b) the data or other information considered by the witness in forming the opinions; (c) any exhibits to be used as a summary of or support for the opinions; (d) a resume or other document setting forth the qualifications of the witness; (e) a list of all publications authored by the witness in the preceding ten years; (f) the compensation agreement for the study and testimony; (g) all invoices or other billing records reflecting the charges incurred to the witness; (h) a listing of all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and (i) a copy of any report, statement, picture, measurements, notations or any other document sent by you or your representative to the witness in this case for review as to any issue in this case.

6.

For each person who may be used at trial to present expert opinions, please provide a copy of any and all documents containing any opinions to be expressed by the expert at trial or the basis and reasons for any such opinions; any data or other information considered by the witness in forming the opinions; any exhibits to be used by the witness in explaining his or her testimony; any documents containing pertinent qualifications of the witness; records of any compensation paid or to be paid to the expert for the study and testimony; and transcripts of depositions and trial testimony in all other cases in which the witness has testified as an expert within the preceding four years.

7.

All medical records, surgical records, mental illness records, x-rays, radiographic films, pathology materials, or any other records or materials relating to any diagnostic or treatment tests or procedures, financial records, bills, invoices, writings, notes or memoranda relating to Plaintiff Hattie Williams.

8.

Produce a copy of each report, diagram, or any other documentation made by or relied upon by any expert whom you intend to call as a witness at trial.

9.

Please produce a copy of Wal-Mart's investigative file related to this incident, including any incident report, accident report, or investigative materials (computerized or otherwise) prepared by or on behalf of Wal-Mart.

10.

Please produce copies of any documents, witness statements, photographs, videotapes or any other tangible item which Wal-Mart contends establishes how long the substance on its floor (which caused Plaintiff Hattie Williams' alleged fall) existed prior to the occurrence of the incident.

11.

Please produce a copy of any sweep/mop log and/or floor safety inspection log for the location of Plaintiff Hattie Williams' fall for the date on which the subject incident occurred.

12.

Please produce a copy of Wal-Mart's store policy and procedure manual or similar materials regarding any Wal-Mart employee's responsibilities for performing inspections of its floors, the timing for performing inspections of its floors, and the procedure for removing a hazard from its floor upon receiving notice of its existence. This request specifically includes, but is not limited to any online or electronic training courses or other similar materials in existence at the time of this incident or at the time any of the Wal-Mart employees working at the store on the date of the incident were trained.

14.

Please produce a copy of Wal-Mart's store policy and procedure manual (including but not limited to online or electronic materials) regarding any Wal-Mart employee's responsibilities for investigating slip/trip and fall accidents which occur on its premises, any policy and procedure manual which refer to documents, photographs and/or videotapes that are required to be generated and/or prepared from the accident investigation and any policy and procedure

relative to the maintenance or retention of any documents, photographs and/or videotapes which are generated and/or prepared from the accident investigation.

15.

Please produce all videotapes, photographs, drawings, reports and any other documents prepared by any individual retained by Wal-Mart, and/or its representatives, to monitor, follow or otherwise conduct surveillance for purposes of observing the activity and/or monitoring of the Plaintiff Hattie Williams actions.

16.

Please produce copies of all training logs, attendance records and personnel files regarding Nolan Booker and all other Wal-Mart employees responsible for maintaining or inspecting the premises on the date of the subject incident.

This 29th day of May, 2009.

Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236 3032c
(404) 870-7383
(404) 870-7374

I:\507\71 Williams\RPDs to Wal-Mart.doc

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

HATTIE WILLIAMS,                          )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )      CIVIL ACTION FILE NO.
                                          )      NO: 09A08102-5
WAL-MART STORES EAST, LP,                 )
NOLAN BOOKER and                          )
JOHN DOES 1-4,                            )
                                          )
              Defendants.                  )

## ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP AND NOLAN BOOKER

COME NOW, Defendants Wal-Mart Stores East, LP and Nolan Booker (hereinafter "Defendants"), and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

### FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

### FIFTH DEFENSE

Any injury or damage sustained by Plaintiff was the result of an accident in the legal sense, and therefore Plaintiff is not entitled to recover from Defendants.

### SIXTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

### SEVENTH DEFENSE

Plaintiff's complaint fails to name an indispensable party.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the applicable doctrines of waiver and estoppel.

### NINTH DEFENSE

Plaintiff has failed to properly identify a party.

### TENTH DEFENSE

Plaintiff's claim for consequential damages is barred as a matter of law.

### ELEVENTH DEFENSE

Plaintiff has failed to itemize her special damages pursuant to O.C.G.A. § 9-11-9(g).

### TWELFTH DEFENSE

All or a portion of Plaintiff's claims are barred by the applicable statute of limitation and laches.

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA



HATTIE WILLIAMS,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    CIVIL ACTION FILE NO.
                                    )    NO: 09A08102-5
WAL-MART STORES EAST, LP,           )
NOLAN BOOKER and                    )
JOHN DOES 1-4,                      )
                                    )
            Defendants.             )

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, as amended, the undersigned hereby

certifies that the following discovery has been served upon all persons identified in the

Certificate of Service attached hereto and incorporated herein by reference:

1.    Defendant Wal-Mart Stores East, LP's First Interrogatories to Plaintiff;
2.    Defendant Wal-Mart Stores East, LP's First Request for Production
      of Documents to Plaintiff;
3.    Defendants' First Request to Admit to Plaintiff;
4.    Notice of Taking Deposition of Plaintiff.

This 26 day of June, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING**

**DISCOVERY** has this day been served upon opposing counsel, by placing same in the

United States Mail, postage prepaid, and addressed as follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This ____ day of June, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process.

### FOURTEENTH DEFENSE

Plaintiff has failed to plead sufficient information and facts for the assessment of costs of litigation and/or prejudgment interest.

### FIFTEENTH DEFENSE

This Court lacks jurisdiction over the person and property of one of all of these Defendants, and, therefore, this case should be dismissed as to it.

### SIXTEENTH DEFENSE

Plaintiff has failed to plead sufficient information for a determination of future medical expenses and permanency of injuries.

### SEVENTEENTH DEFENSE

One or more of the Defendants are not subject to the jurisdiction and/or venue of this Court.

### EIGHTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

### **PARTIES AND JURISDICTION**

1.

Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny, as stated, the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 4 of Plaintiff's Complaint, therefore said allegations are denied.

## FACTS

5.

In responding to Paragraph 5 of Plaintiff's Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 4 of Plaintiff's Complaint as if set forth fully herein.

6.

Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 6 of Plaintiff's Complaint; therefore said allegations are denied.

7.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiff's Complaint.

8.

Defendants deny, as stated, the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny, as stated, the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny, as stated, the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny, as stated, the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## **COUNT I**

12.

In responding to Paragraph 12 of Plaintiff's Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 11 of Plaintiff's Complaint as if set forth fully herein.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT II

17.

In responding to Paragraph 17 of Plaintiff's Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 16 of Plaintiff's Complaint as if set forth fully herein.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT III

22.

In responding to Paragraph 22 of Plaintiff's Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 21 of Plaintiff's Complaint as if set forth fully herein.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

-6-

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny Plaintiff's Prayer for Relief.

28.

All other allegations, counts or claims which Defendants have not specifically responded to are hereby denied.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This _26_ day of June, 2009.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404)  266-9171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP AND NOLAN BOOKER** has this day been served upon opposing counsel, by placing same in the United States Mail, postage prepaid, and addressed as follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This _26_ day of June, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

COPY

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

HATTIE WILLIAMS,          )
                         )
        Plaintiff,       )
                         )
v.                       )        CIVIL ACTION FILE NO.
                         )        NO: 09A08102-5
WAL-MART STORES EAST, LP, )
NOLAN BOOKER and         )
JOHN DOES 1-4,           )
                         )
        Defendants.      )

STATE COURT OF
DEKALB COUNTY, GA
2009 JUL 27 AM 10:00

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform Superior Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1.    Defendant Wal-Mart Stores East, LP's Responses to Plaintiff's First Interrogatories and Request for Production of Documents.

This 23 day of July, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING**

**DISCOVERY** has this day been served upon opposing counsel, by placing same in the

United States Mail, postage prepaid, and addressed as follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This ___23___ day of July, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants
Wal-Mart Stores East, LP and Nolan Booker

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HATTIE WILLIAMS, | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO. 09A08102-5** |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| NOLAN BOOKER and | ) | |
| JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

COMES NOW, Hattie Williams, Plaintiff in the above-styled action, and answers, objects and responds to Defendants' First Request for Admissions as follows:

1.

Plaintiff will not seek, recover or collect from Defendants a sum in excess of $75,000.

**Response:**

Denied.

2.

Any portion of a verdict against Defendants that exceeds $75,000 will be written down by the Court so that the Judgment shall not exceed the sum of $75,000.

**Response:**

Denied.

3.

Defendants shall not in this action be ordered, adjudged or called upon to pay to Plaintiff a sum in excess of $75,000.

**Response:**

Denied.

This 28th day of July, 2009.

_____
Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

HATTIE WILLIAMS,                     )
                                     )     **CIVIL ACTION**
     Plaintiff,             )     **FILE NO. 09A08102-5**
                                     )
vs.                                  )
                                     )
WAL-MART STORES EAST, L.P.,          )
NOLAN BOOKER and                     )
JOHN DOES 1-4,                       )
                                     )
     Defendants.           )

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing

PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS upon

all counsel of record by depositing same in the United States Mail with adequate postage affixed

thereon to:

Albert J. DeCusati
McLain & Merritt, PC
3445 Peachtree Road, NE, Suite 500
Atlanta, Georgia  30326

This 28th day of July, 2009.

                             Michael D. St. Amand
                             State Bar No. 004180
                             Attorney for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236
(404) 870-7383
(404) 870-7374 (fax)

I:\507\71 Williams\resp to req to adm.doc

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HATTIE WILLIAMS, | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO. 09A08102-5** |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| NOLAN BOOKER and | ) | |
| JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES

COMES NOW, Hattie Williams, Plaintiff in the above-styled action, and answers, objects and responds to Defendants' First Interrogatories as follows:

1.

Please give the names and addresses of all persons assisting in answering these interrogatories.

**Response:**

Hattie Williams, 348 Eleanor Street, Atlanta, Ga. 30317

2.

Please state the names and addresses of all persons known to Plaintiff who have knowledge of any relevant facts concerning the issues in this case. Briefly describe the facts purportedly known to each person so listed. Please identify which of the persons listed are eyewitnesses to the incident as alleged in Plaintiff's Complaint.

**Response**:

Hattie Williams, 348 Eleanor Street, Atlanta, Ga. 30317. Ms. Williams has knowledge of the incident, her injuries and damages.

Unidentified Wal-Mart employee was at Ms. Williams' side almost immediately after her fall.

Unidentified Wal-Mart employees have knowledge of Wal-Mart inspection and maintenance policies and procedures and whether same were being followed at the time of this incident.

Unidentified Wal-Mart employees have knowledge of Wal-Mart training and supervisory policies and procedures and whether same were being followed at the time of this incident.

Plaintiff's medical providers have knowledge of the injuries and damages and the treatment she incurred as a result of this incident as well as her medical condition in general.

These providers include but are not limited to:

DeKalb Fire & Rescue

Emory Crawford Long

Steven Smith, M.D.

Douglas Stuart, M.D.

Benchmark Physical Therapy

Sarah Knopf, MPT

Piedmont Hospital

A.G. Rhodes Home Atlanta, Inc.

Jimmie L. Williams, M.D.

Phillip Hadley, M.D.

DeKalb Medical Center

Grady Memorial Hospital

Helene Mills Multi-Purpose Facility

St. Joseph's Hospital

Northlake Medical Center

3.

Please describe, with specificity and in detail, all documents relied upon by you to demonstrate and support facts relevant to the issues of this litigation, including, but not limited to the following: every document, recording, photograph, or thing in your or your attorney's possession which have anything to do with the incident which is the subject of this lawsuit.

**Response:**

Plaintiff objects to this Interrogatory to the extent that the same seeks information protected from disclosure by virtue of the work product doctrine and attorney/client privilege. Subject to and without waiving these objections, Plaintiff is producing all non-objectionable materials sought in lieu of this Interrogatory. As additional responsive documents are received, this response will be supplemented.

4.

Is Plaintiff, or any attorney or other person to Plaintiff's knowledge, in possession of any photographs, or drawings made of any person or persons, place or places, thing or things having any connection with or containing any information with respect to the incident in question, or injuries or damages flowing therefrom? If so, please identify the same.

**Response:**

Plaintiff objects to this Interrogatory to the extent that the same seeks information protected from disclosure by virtue of the work product doctrine and attorney/client privilege. Subject to and without waiving these objections, Plaintiff is producing all non-objectionable materials sought in lieu of this Interrogatory. As additional responsive documents are received, this response will be supplemented.

5.

If Plaintiff claims physical or emotional injuries as a result of said incident, please state the name and address of each medical doctor, psychiatrist, chiropractor, or other professional person who has examined, treated, been consulted by, or rendered a professional opinion concerning Plaintiff within the last ten years.

**Response:**

DeKalb Fire & Rescue
Emory Crawford Long
Crawford W. Long Memorial Hospital
550 Peachtree Street, NE
Atlanta, Georgia 30365-2225

Steven Smith, M.D.
Peachtree Neurological Clinic, PC
3200 Downwood Circle, NW
Suite 660
Atlanta, Georgia 30327

Douglas Stuart, M.D.
Peachtree Neurological Clinic, PC
3200 Downwood Circle, NW
Suite 660
Atlanta, Georgia 30327

Benchmark Physical Therapy
3200 Downwood Cir NW # 430
Atlanta, GA 30327-1659
(404) 355-6220

Benchmark Physical Therapy
1375 Peachtree St
Atlanta, GA 30309-3173
(404) 817-9306

Jimmie Williams, M.D.
550 Peachtree Street, NE
Suite 1200
Atlanta, Georgia 30365-2225

Phillip Hadley, M.D.
Suite 707
2675 North Decatur Road, Decatur, GA 30033
(404) 292-1144

DeKalb Medical Center
2701 North Decatur Road
Decatur, Georgia  30033-5995

Piedmont Hospital
1968 Peachtree Rd NW
Atlanta, GA 30309
(404) 605-5000

A.G. Rhodes Home Atlanta, Inc.
350 Boulevard SE
Atlanta, GA 30312-3399
(404) 521-2011

Grady Memorial Hospital
80 Jesse Hill Jr Dr SE
Atlanta, GA 30303-3050

St. Joseph's Hospital
5665 Peachtree Dunwoody Road
Atlanta, GA 30342
(678) 843-7001

Helene Mills Multi-Purpose Facility
515 John Wesley Dobbs Ave
Atlanta, GA 30312-1329
(404) 523-3353

Northlake Medical Center
1455 Montreal Rd
Tucker, GA 30084-8100
(770) 270-3000

6.

List all medical expenses, hospital expenses, drug expenses, lost wages and other expenses, if any, which Plaintiff contends were incurred as a result of the incident in question.

**Response:**

Plaintiff will supplement this response as medical bills and records are obtained.

7.

Please state the name and address of Plaintiff's family doctor on the date of the incident; and state the name and address of the last doctor to examine or treat Plaintiff before the date of the incident.

**Response:**

> Jimmie L. Williams, M.D.
> 550 Peachtree Street, NE
> Suite 1200
> Atlanta, Georgia 30365-2225

8.

Has Plaintiff ever made a claim for personal injuries against any party other than the one in question; and if so, please state:

(a)   The approximate date the claim was made;

(b)   The name and address of the person against whom the claim was made; and

(c)   For what injury or damage said claim was made.

**Response:**

Plaintiff made an injury claim against MARTA in the 1980's. Plaintiff was a pedestrian struck by a bus. She sustained injuries to her neck, arm, knee, back, and hip.

9.

Please state Plaintiff's residential addresses for the past ten years, date and place of birth, and social security number, and who has resided with Plaintiff in each of the above residences.

**Response:**

348 Eleanor Street, Atlanta, Ga. 30317. Plaintiff was born on April 6, 1940 in Greene County, Ga.

10.

If Plaintiff has sustained any personal injury either before or after the incident in question, please state the dates and nature of each such injury.

**Response:**

At this time, Plaintiff can recall the following medical conditions:

Plaintiff made an injury claim against MARTA in the 1980's. Plaintiff was a pedestrian struck by a bus. She sustained injuries to her neck, arm, knee, back, and hip.

Plaintiff had neck surgery in approximately 1992-1993.

Plaintiff had arthritis in both knees and had arthroscopies to both knees in approximately 1995-1996.

Plaintiff had surgery to her right foot in 2004 for a melanoma.

Plaintiff had a right knee replacement in June 2007.

Plaintiff experienced severe numbness and a loss of sensation in her right leg following a D&C surgery in May 2008.

11.

Does plaintiff or any of her agents or representatives have any medical reports dealing with the injuries claimed to have been sustained as a result of the incident in question? If so, please state:

(a)    The date of each such report;

(b)    The person making each such report; and

(c)    The person having possession of each such report.

**Response:**

Plaintiff is producing all non-objectionable materials sought in lieu of this Interrogatory. As additional responsive documents are received, this response will be supplemented.

12.

Has Plaintiff ever been an inpatient in any hospital?  If so, please state the dates of each hospitalization, the name and address of each hospital, and the reason for each hospitalization.

**Response:**

Yes.  To the best of her recollection, Plaintiff has been an inpatient on the following occasions:

Childbirth

1992/1993 – St. Joseph's, neck surgery.

1995 – Northlake Medical Center, left knee arthroscopy.

1996 – Grady Memorial Hospital, right knee arthroscopy.

2004 – Crawford Long, right foot surgery.

2007 – Piedmont Hospital, right knee replacement.

2008 – DeKalb Medical Center, D&C.

2008 - Piedmont Hospital, left knee replacement.

13.

List all injuries received by Plaintiff as a result of the incident in question on the date of the incident, and indicate which injuries Plaintiff contends are of a permanent nature.

**Response:**

Plaintiff injured her left knee, neck and back and right knee. Plaintiff cannot state which of these injuries are "permanent."

14.

If Plaintiff claims lost wages, state the name and address of Plaintiff's employer on the date of the incident, and state the hourly, weekly, and/or monthly rate of pay being received by Plaintiff as an employee of said employer; state the exact amount of time which Plaintiff claims she lost from work as result of the incident in question, giving the name of the employer, and date on which Plaintiff returned to work; and can Plaintiff obtain copies of her 2008, 2007, 2006, 2005, 2004, 2003, and 2002 Federal Income Tax returns? If Plaintiff has not filed her 2008 tax returns, will she furnish copies of her Forms W-2 for tax year 2008?

**Response:**

Not applicable.

15.

State the name and address of Plaintiff's present employer and employers for the past ten years, stating the gross hourly and/or monthly rate of pay being received by Plaintiff from each listed employer.

**Response:**

Not applicable.

16.

If Plaintiff is married, please state the date of her marriage, the name and address of her spouse, and the names, ages and addresses of each of her children.

**Response:**

Plaintiff is not married.

17.

Has Plaintiff ever made a claim or received workers' compensation benefits for any injury? If so, please state:

(a)    The name and local address of the employer and insurance carrier against whom said claim was made; and

(b)    The State Workers' Compensation Claim number for said claim.

**Response:**

Not applicable.

18.

Has Plaintiff been a party to another lawsuit? If so, give the approximate date the lawsuit was filed, the Court in which it was filed, and the style of the case.

**Response:**

Plaintiff filed suit against MARTA in approximately 1989. The suit was filed in Fulton County.

19.

Has Plaintiff ever been arrested or convicted of a crime? If so, please state the date of each such arrest or conviction, the location of the Court where the arrest or conviction occurred, and the crime upon which each such arrest or conviction was based.

**Response:**

Plaintiff was arrested in 1983 in DeKalb County for shooting her husband. All charges against her were dropped.

20.

Has Plaintiff ever before sustained an injury in a commercial establishment? If so, please state the date of each such incident, the place of each such incident, and the name of each such establishment where such incident occurred.

**Response:**

No.

21.

When was the last time before the date of the incident that Plaintiff had been in Defendants' store in question?   When was the next time after the date of the incident that Plaintiff was in Defendants' store in question, and for what purpose?

**Response:**

Plaintiff cannot recall the dates at this time.

22.

Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**Response:**

Plaintiff has not yet determined whom she expects to call as expert witnesses at trial, but anticipates calling Steven Smith, M.D. and Douglas Stuart, M.D. to testify concerning injuries and her care and treatment following the accident.

23.

Please state in detail exactly how you contend the incident which is the subject of this lawsuit occurred.

**Response:**

Plaintiff slipped on some grapes on the floor of the produce section of the Wal-Mart.

24.

Please identify any payments which you have received or which have been made on your behalf by any source, including but not limited to P.I.P., med. pay, Workers' Compensation, sick leave pay, disability income insurance, or any other source, by reason of the incident which is the subject of this litigation. As to any such payment, please identify the source and type of payment; the limits of coverage for each such payment; and whether you have executed a release, covenant not to sue, indemnity agreement, proof of loss, loan receipt, or any other document of any kind at the request of the entity making payment to you.

**Response:**

Plaintiff is covered by Medicare. She also has supplemental coverage through Advanta Freedom Insurance. Plaintiff has enclosed available benefit information and will supplement with additional records as they become available.

25.

Please identify all persons known to you who:

(a)   Arrived or claimed to have arrived at the scene of the incident immediately or shortly after its happening;

(b)   Saw or claimed they saw all of any part of the incident complained of or any material events leading up to it;

(c)   Have knowledge of relevant information regarding the facts of circumstances in this incident; or

(d)   Have made any type of investigation in this incident.

**Response:**

Plaintiff and Wal-Mart.

26.

Please identify with sufficient particularity to satisfy a Notice to Produce, any oral, written or transcribed statement or reports you have obtained or are aware of from any persons, including but not limited to those persons identified in your answer to the preceding interrogatory, having knowledge of relevant information, facts or circumstances in this case, including this Defendant or any of this Defendant's agents or representatives.  Please include in your identification of each statement the name of the person taking each statement, the date each statement was given, and the person having possession, custody, or control of the original or a copy of each statement.

**Response:**

Not applicable.

27.

Please itemize all special damages which you allege you have incurred, or others have incurred on your behalf, as a result of the incident which is the subject of this litigation, including, but not limited to, all medical expenses, hospital expenses, lost wages, and the cost of medication.

**Response:**

Will be supplemented as medical bills and records are received.

28.

What period of time do you claim you were disabled as a result of the injuries you allege that you sustained on the date of the occurrence complained of in this action?

**Response:**

Plaintiff objects to this Interrogatory on the grounds that it seeks to require the Plaintiff to make a determination as to her own disability.

29.

Please set forth in detail each and every act and/or omission which you contend was an act of negligence or negligence per se on the part of Defendant; and as regards each and every act or omission so provided, please provide each and every fact which you contend establishes a set contention, how you contend each act of negligence or negligence per se contributed to the incident which is the subject matter of this litigation, and the name, business address, and

telephone number of each and every individual or entity having knowledge concerning each and every fact set forth in your response to this Interrogatory.

**Response:**

Defendants were negligent, *inter alia* in failing to keep the premises safe for invitees, such as Plaintiff Hattie Williams, and by not removing a hazardous substance from the floor of which Defendants had superior knowledge.

Defendants failed to exercise ordinary care and diligence to warn invitees, such as Plaintiff Hattie Williams, of the dangerous condition on the floor after Defendants knew or should have known of its existence.

Defendants failed to exercise ordinary care and diligence to implement proper procedures to warn invitees, such as Plaintiff Hattie Williams, of the existence of hazards on the floor of which Defendants had superior knowledge.

Defendants failed to adequately train Wal-Mart employees with respect to proper inspection and maintenance procedures.

Defendants failed to adequately supervise Wal-Mart employees on the date of Plaintiff's accident.

30.

State whether or not Plaintiff had consumed any alcoholic beverages, drugs, or medications within twenty-four (24) hours prior to this occurrence. If so, please identify the nature and quantity thereof.

**Response:**

Plaintiff had taken only prescribed medications for high blood pressure (hydrochlorothiazide, potassium) and a thyroid condition (synthroid).

31.

Please specify the place, date, insurance companies, and names of any other parties in any and all accidents and incidents in which you have been involved either prior to this occurrence or subsequent thereto and describe the personal injuries which you received in such other accidents or occurrences, if any.

**Response:**

Plaintiff made an injury claim against MARTA in the 1980's. Plaintiff was a pedestrian struck by a bus. She sustained injuries to her neck, arm, knee, back, and hip.

32.

To your knowledge, information or belief, if there has been any judicial hearing (whether the trial or traffic charges, a commitment hearing, inquest, previous trial, or otherwise) concerning the incident complained of, please describe each such hearing with specificity, including, but not limited to, the date, the place, the persons present, the nature of the hearing, the statement for testimony of each person making any statement or testifying, a description of any documentary evidence offered or received, the name and address of any person reporting and/or transcribing the hearing, the present location of such transcript or copies thereof, and the

name, of the person or persons having possession, custody or control of such transcript or copies thereof.

**Response:**

No.

33.

If you are at present suffering as result of any of these injuries, please state in what way and to what extent.

**Response:**

Plaintiff experiences swelling and weakness in her left knee as well as weakness with pressure. She has a difficult time walking. She has occasional weakness in her right knee. She also has back pain, on and off neck pain, stiffness and numbness in her left arm.

34.

Have you and/or your spouse ever filed for bankruptcy? If so, please provide the following as to each bankruptcy: the style of the case, the court in which the suit was filed, the date of filing of the petition for bankruptcy, and the ultimate disposition of the bankruptcy, including but not limited to the date of any discharge issued by the bankruptcy court.

**Response:**

No.

This 28th day of July, 2009.

Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| HATTIE WILLIAMS, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WAL-MART STORES EAST, L.P., )<br>NOLAN BOOKER and )<br>JOHN DOES 1-4, )<br><br>Defendants. ) | **CIVIL ACTION**<br>**FILE NO. 09A08102-5** |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing

PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES upon all

counsel of record by depositing same in the United States Mail with adequate postage affixed

thereon to:

Albert J. DeCusati
McLain & Merritt, PC
3445 Peachtree Road, NE, Suite 500
Atlanta, Georgia 30326

This 28th _____ day of July, 2009.

Michael D. St. Amand
State Bar No. 004180
Attorney for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236
(404) 870-7383
(404) 870-7374 (fax)

I:\507\71 Williams\resp to rogs.doc

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HATTIE WILLIAMS, | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO. 09A08102-5** |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| NOLAN BOOKER and | ) | |
| JOHN DOES 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Hattie Williams, Plaintiff in the above-styled action, and answers, objects and responds to Defendants' First Request for Production of Documents as follows:

1.

All photographs, or drawings, made of any person or persons, place or places, thing or things having any connection with or containing any information with respect to the incident in question, or injuries or damages flowing therefrom.

**Response:**

Plaintiff objects to this request on the grounds that the same seeks the production of documents protected from disclosure by virtue of the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff is attaching hereto all materials in her possession responsive to this request and which are not subject to the objection.

2.

All medical bills, hospital bills, drug bills, and documentations supporting claims for lost wages and other expenses, if any, which Plaintiff contends were incurred as a result of the incidents in question.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

3.

Copies of Plaintiff's 2008, 2007, 2006, 2005, 2004, 2003, and 2002 Federal Income Tax returns. If Plaintiff has not yet filed a tax return for 2008, please provide copies of Forms W-2 for tax year 2008.

**Response:**

Plaintiff objects to this request on the grounds that the same is not reasonably calculated to lead to the discovery of admissible evidence as she is not making a lost wage claim. Plaintiff further objects to this request on the grounds that the same seeks personal, confidential information without the required showing of substantial need.

4.

Any medical reports dealing with the injuries claimed to have been sustained by Plaintiff as a result of the incidents in question.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

5.

Please provide a true and correct copy of any document, recording, photograph, or thing which you listed in Interrogatory No. 3.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

6.

Any and all documents in your, or your attorney's possession which were originally published, generated, or furnished by Defendants.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request.

7.

Your employee pay stubs, receipts, and/or earning statements relating to your wages and earnings from your employment, or any other source, for the ten (10) years preceding this Request for Production of Documents.

**Response:**

Plaintiff objects to this request on the grounds that the same is not reasonably calculated to lead to the discovery of admissible evidence as she is not making a lost wage claim. Plaintiff further objects to this request on the grounds that the same seeks personal, confidential information without the required showing of substantial need.

8.

Any and all statements given by you or by anyone in connection with the subject accidents.

**Response:**

Plaintiff objects to this request on the grounds that the same seeks the production of documents protected from disclosure by virtue of the attorney-client privilege or work product doctrine.

9.

Any and all documents evidencing any and all compensation, indemnity, insurance, wage loss replacement, income replacement or disability benefits or payments available to you or made to or on behalf of you from any and all governmental or private sources because of the special damages being sought to be recovered by you arising out of the incidents which are the subject of this civil action.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

10.

Any and all documents or other tangible things, which reflect, refer to, relate to or support all special damages that you claim are related to this lawsuit.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

11.

Any and all expert reports identified in your response to Interrogatory No. 22 of Defendant's First Interrogatories to Plaintiff.

**Response:**

Plaintiff is attaching hereto all materials in her possession responsive to this request. Plaintiff shows that she is continuing to follow up on obtaining additional documents responsive tot his request and will supplement when additional documents are received.

12.

Any and all documents and/or other tangible things, which you claim prove, support or constitute evidence of any facts or circumstances upon which you base your claim against Defendant in this case.

**Response:**

Plaintiff objects to this request on the grounds that the same seeks the production of documents protected from disclosure by virtue of the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff is attaching hereto all materials in her possession responsive to this request and which are not subject to the objection.

13.

Any and all documents that reflect, refer to, relate to or support any charges or citations issued to any person by any governmental authority (including but not limited to police officers), as a result of the accident which is the subject of this lawsuit.

**Response:**

Not applicable.

14.

Any and all documents or other tangible things, which reflect, refer to, relate to or support any bankruptcy petition ever filed by you and/or your spouse.

**Response:**

Not applicable.

This 28th day of July, 2009.

Michael D. St. Amand
State Bar No. 004180
Todd M. Yates
State Bar No. 780360
Attorneys for Plaintiff

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **HATTIE WILLIAMS,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. 09A08102-5** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WAL-MART STORES EAST, L.P.,** | ) | |
| **NOLAN BOOKER and** | ) | |
| **JOHN DOES 1-4,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the within and foregoing

PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF

DOCUMENTS upon all counsel of record by depositing same in the United States Mail with

adequate postage affixed thereon to:

Albert J. DeCusati
McLain & Merritt, PC
3445 Peachtree Road, NE, Suite 500
Atlanta, Georgia 30326

This 28th day of July, 2009.

_____
Michael D. St. Amand
State Bar No. 004180
Attorney for Plaintiff

**Gray, Rust, St. Amand, Moffett & Brieske LLP**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30236
(404) 870-7383
(404) 870-7374 (fax)

I:\507\71 Williams\resp to rpds.doc

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

HATTIE WILLIAMS,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )        CIVIL ACTION FILE NO.
                                   )        NO: 09A08102-5
WAL-MART STORES EAST, LP,          )
NOLAN BOOKER and                   )
JOHN DOES 1-4,                     )
                                   )
          Defendants.              )

<u>12-PERSON JURY DEMAND</u>

COME NOW Defendants WAL-MART STORES EAST, LP and NOLAN

BOOKER, and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing 12-PERSON JURY

DEMAND has this day been served upon Plaintiff, by placing same in the United States

Mail, postage prepaid, and addressed as follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This _6_ day of August, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**NOTICE OF REMOVAL** upon Plaintiff by depositing same in the United States Mail in

envelopes with sufficient postage affixed thereon to insure delivery addressed as

follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This _6_ day of August, 2009.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

-5-

COPY

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

HATTIE WILLIAMS,                         )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        CIVIL ACTION FILE NO.
                                         )        NO: 09A08102-5
WAL-MART STORES EAST, LP,                )
NOLAN BOOKER and                         )
JOHN DOES 1-4,                           )
                                         )
            Defendants.                  )

## NOTICE TO CLERK OF STATE COURT FOR THE REMOVAL OF ACTION TO FEDERAL COURT

TO:    Clerk
       State Court of DeKalb County

       YOU ARE HEREBY notified that Defendants Wal-Mart Stores East, LP and

Nolan Booker, (hereinafter "Defendants"), have this date filed a Notice of Removal in

the United States District Court for the Northern District of Georgia, Atlanta Division,

removing this action from the State Court of DeKalb County, Georgia, to the United

States District Court for the Northern District of Georgia, Atlanta Division, together with

copies of all pleadings and papers served on Defendant and all pleadings filed to date.

A copy of said Notice of Removal filed in said Federal Court is attached hereto as

Exhibit "A" and filed with this Court as provided by the United States Code.

*(Signature Page To Follow)*

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing NOTICE TO CLERK OF

STATE COURT FOR THE REMOVAL OF ACTION TO FEDERAL COURT has this day

been served upon Plaintiff, by placing same in the United States Mail, postage prepaid,

and addressed as follows:

Michael D. St. Amand, Esq.
Todd M. Yates, Esq.
Gray Rust, St. Amand, Moffett & Brieske LLP
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, GA 30326

This _____ day of August, 2009.


McLAIN & MERRITT, P.C.



Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com